**UNITED STATES DISTRICT COURT**
**FOR THE**
**SOUTHERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| **SHAWN WALKER,** | § | |
| | § | |
| | § | **Civil Action No.:** |
| Plaintiff, | § | |
| | § | |
| **v.** | § | |
| | § | |
| **SYNERPRISE CONSULTING** | § | **JURY TRIAL DEMANDED** |
| **SERVICES, INC.,** | § | |
| | § | |
| Defendant. | § | |
| | § | |

## COMPLAINT

SHAWN WALKER ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against SYNERPRISE CONSULTING SERVICES, INC. ("Defendant"):

### INTRODUCTION

1.    Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"), and the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA").

### JURISDICTION AND VENUE

2.    Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. §1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

1

3. Defendant conducts business in the State of Texas and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. §1391(b)(1) and (b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Victoria, Texas 77901.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §153(39).

7. In the alternative, Plaintiff is a person granted a cause of action under the FDCPA. See § 1692 (k)(a) and Wenrich v. Cole, 2000 U.S. Dist. LEXIS 18687 (E.D. Pa. Dec. 22, 2000).

8. Plaintiff is a "person" as that term is defined by 47 U.S.C. §153(39).

9. Defendant is a debt collection company with its corporate headquarters located at 2809 Regal Road, Suite 107, Plano, Texas 75075.

10. At all relevant times, Defendant acted as a "debt collector" within themeaning of 15 U.S.C. § 1692(a)(6) and Tex. Fin. Code Ann. § 392.001(6); and, Defendant attempted to collect a "debt" as defined by 15 U.S.C. §1692(a)(5) and Tex. Fin. Code Ann. § 392.001(2).

11. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and sought to collect a consumer debt from Plaintiff.

12. Debt collection is the principal purpose of Defendant's business.

13. Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

14. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

PLAINTIFF'S COMPLAINT

## FACTUAL ALLEGATIONS

15.     Plaintiff has a cellular telephone number.

16.     Plaintiff has only used this phone as a cellular telephone.

17.     Upon information and belief, Defendant has been calling Plaintiff in order to collect a personal debt incurred primarily for personal, family, or household purposes.

18.     Plaintiff does not have any business or commercial debts, so the debt at issue could only be a personal debt.

19.     Beginning in or around January or February 2017 and continuing through July 2017, Defendant called Plaintiff repeatedly each day seeking a third party named Lenelle Jackson.

20.     Plaintiff is not named "Lenelle Jackson" and does not know any individual by this name.

21.     Defendant's calls derived from phone numbers that are not limited to the following: (913) 262-6850. The undersigned has confirmed that this number belongs to the Defendant.

22.     Plaintiff knew that Defendant was calling her because she spoke to male and female collectors.

23.     During this time, Defendant used an automated telephone dialing system and/or pre-recorded voice to contact Plaintiff.

24.     Plaintiff knew Defendant was using an automated telephone dialing system and/or pre-recorded voice as Defendant's calls began with a pre-recorded voice before calls were transferred to collectors.

25.     Defendant's calls were not for "emergency purposes."

26.     Upon initial communication and each time thereafter, Plaintiff spoke to Defendant, informed them that they were calling an incorrect number and to stop calling her cell phone.

27.     Defendant failed to update its records to restrict calls to Plaintiff's cellular telephone number and continued to call her through July 2017.

28.     Once Defendant was aware that its calls were unwanted and to stop, there was no lawful purpose to making further calls, nor was there any good faith reason to place calls.

29.     These subsequent collection calls were especially upsetting and irritating to Plaintiff because she was regularly contacted while she was at work.

30.     After Plaintiff's frequent requests to stop the calls were ignored by Defendant's collectors, she had no other option but to block calls from Defendant's number.

31.     Upon information and belief, Defendant conducts business in a manner which violates the Telephone Consumer Protection Act.

## COUNT I
## DEFENDANT VIOLATED §§1692d and 1692d(5) OF THE FDCPA

32.     Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

33.     A debt collector violates §1692d of the FDCPA by engaging in conduct of the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

34.     A debt collector violates §1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

PLAINTIFF'S COMPLAINT

35.     Here, Defendant violated §§1692d and 1692d(5) of the FDCPA by placing repeated harassing telephone calls to Plaintiff's cellular telephone between February 2017 and July 2017, and when it continued calling Plaintiff after she told Defendant that they were calling a wrong number and to stop calling her regarding the third party, Lenelle Jackson.

## COUNT II
## DEFENDANT VIOLATED THE TCPA

36.     Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

37.     Defendant initiated automated calls to Plaintiff using an automatic telephone dialing system.

38.     Defendant's calls to Plaintiff were not made for "emergency purposes."

39.     Defendant's calls to Plaintiff, on and after January or February 2017, were not made with Plaintiff's prior express consent.

40.     Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

41.     The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

42.     As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

WHEREFORE, Plaintiff, SHAWN WALKER, respectfully prays for a judgment as follows:

a.      All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

b.      Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c.      All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3);

d.      All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

e.      Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

f.      Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

g.      Injunctive relief pursuant to 47 U.S.C. § 227(b)(3);

h.      Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, SHAWN WALKER, demands a jury trial in this case.

PLAINTIFF'S COMPLAINT

RESPECTFULLY SUBMITTED,

Date: January 31, 2018                    By: /s/ Amy L. Bennecoff Ginsburg
                                          Amy L. Bennecoff Ginsburg
                                          Kimmel & Silverman, P.C.
                                          30 East Butler Pike
                                          Ambler, PA 19002
                                          Phone: (215) 540-8888
                                          Facsimile: (877) 788-2864
                                          Email: aginsburg@creditlaw.com

PLAINTIFF'S COMPLAINT