IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| SHAWN WALKER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 6:18-cv-00007 |
| | § | |
| SYNERPRISE CONSULTING SERVICES, INC., | § | |
| | § | |
| Defendant. | § | |

# DEFENDANT SYNERPRISE CONSULTING SERVICES, INC.'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE

SYNERPRISE CONSULTING SERVICES, INC., ("Defendant") hereby files this Original Answer ("Answer") to Plaintiff Shawn Walker's Original Complaint ("Complaint"), and would show this Honorable Court as follows:

## INTRODUCTION

1. Defendant admits that Plaintiff is bringing suit under the statute cited in this paragraph of her Complaint but otherwise denies the allegations contained in ¶ 1 of the Complaint.

## JURISDICTION AND VENUE

2. Defendant admits that jurisdiction is proper as alleged in ¶ 2 of the Complaint.

3. Defendant admits the allegations contained in ¶ 3 of the Complaint.

4. Defendant admits the allegations contained in ¶ 4 of the Complaint.

## PARTIES

5. Defendant admits that Plaintiff is a natural person and, upon information and belief, the other allegations contained in ¶ 5 of the Complaint.

6. Defendant is unable to either admit or deny the allegations contained in ¶ 6 of the Complaint.

7. Defendant is unable to either admit or deny the allegations contained in ¶ 7 of the Complaint at this time. Alternatively, no response is required as this paragraph is a statement of law.

8. Defendant is unable to either admit or deny the allegations contained in ¶ 8 of the Complaint at this time. Alternatively, no response is required as this paragraph is a statement of law.

9. Defendant admits the allegations in ¶ 9 of the Complaint.

10. Defendant is unable to either admit or deny the allegations contained in ¶ 10 of the Complaint.

11. Defendant denies the allegations contained in ¶ 11 of the Complaint with regard to the facts alleged in this particular Complaint.

12. Defendant admits the allegations contained in ¶ 12 of the Complaint.

13. Defendant is unable to either admit or deny the allegations contained in ¶ 13 of the Complaint.

14. No response is required to the allegations contained in ¶ 14 of the Complaint.

## FACTUAL ALLEGATIONS

15. Defendant is unable to either admit or deny the allegations contained in ¶ 15 of the Complaint.

16. Defendant is unable to either admit or deny the allegations contained in ¶ 16 of the Complaint.

17. Defendant denies the allegations contained in ¶ 17 of the Complaint.

18. Defendant denies the allegations contained in ¶ 18 of the Complaint.

19. Defendant denies the allegations contained in ¶ 19 of the Complaint.

20. Defendant is unable to either admit or deny the allegations contained in ¶ 20 of the Complaint

21. Defendant admits that it called Plaintiff one time but otherwise denies the allegations contained in ¶ 21 of the Complaint.

22. Defendant admits that it called Plaintiff once time but otherwise denies the allegations contained in ¶ 22 of the Complaint

23. No response is required to the allegations contained in ¶ 23 of the Complaint as it asks for an opinion of law.

24. Defendant denies the allegations contained in ¶ 24 of the Complaint.

25. Defendant admits that it called Plaintiff one time but otherwise denies the allegations contained in ¶ 25 of the Complaint.

26. Defendant denies the allegations contained in ¶ 26 of the Complaint.

27. Defendant denies the allegations contained in ¶ 27 of the Complaint

28. Defendant denies the allegations contained in ¶ 28 of the Complaint.

29. Defendant denies the allegations contained in ¶ 29 of the Complaint.

30. Defendant denies the allegations contained in ¶ 30 of the Complaint.

31. Defendant denies the allegations contained in ¶ 31 of the Complaint.

## COUNT I

## DEFENDANT VIOLATED 1692 D AND 1692 D(5) OF THE FDCPA

32. No response is required to the allegations contained in ¶ 32 of the Complaint.

33. No response is required to the allegations contained in ¶ 33 of the Complaint.

34. No response is required to the allegations contained in ¶ 34 of the Complaint.

35. Defendant denies the allegations contained in ¶ 35 of the Complaint.

## COUNT II

## DEFENDANT VIOLATED THE TCPA

36. No response is required to the allegations contained in ¶ 36 of the Complaint.

37. Defendant denies the allegations contained in ¶ 37 of the Complaint.

38. Defendant denies the allegations contained in ¶ 38 of the Complaint.

39. Defendant denies the allegations contained in ¶ 39 of the Complaint.

40. Defendant denies the allegatins contained in ¶ 40 of the Complaint.

41. Defendant denies the allegatins contained in ¶ 41 of the Complaint.

42. Defendant denies the allegatins contained in ¶ 42 of the Complaint.

## DEFENDANT'S AFFIRMATIVE DEFENSES

43. Each and every claim set forth in the Complaint fails to state a claim upon which relief may be granted and Defendant reserves as the right to file a Motion to Dismiss or a Motion for Summary Judgment in accordance with the Federal Rules of Civil Procedure and the rules of this Court.

44. Defendant generally denies any and all claims and allegations set forth within the Complaint and particularly denies any and all averments made by Plaintiff except those specifically admitted herein.

45. At all pertinent times, Defendant complied with the FDCPA and expressly denies any violation of the same. To the extent that any violation occurred (statutory or otherwise), any such violation was unintentional and arose from a bona fide error, notwithstanding Defendant's maintenance of procedures reasonably adapted to avoid such errors. Defendant expressly denies the existence of such errors.

46. At all pertinent times, Defendant acted in good faith and in compliance with any and all relevant federal and state laws including, without limitation, the FDCPA and the Texas Finance Code§ 392.001 *et. seq.*

47. Plaintiff could have, by reasonable effort, mitigated damages alleged, but Plaintiff failed to do so. Accordingly, the extent of the Plaintiff's damages (if any) should be reduced by the

amount that Plaintiffs could have reasonably mitigated them by proper action and by the amount (if any) that Plaintiffs actually has mitigated.

48. Defendant alleges that the Complaint was filed in bad faith and thus, Defendant seeks reimbursement of its attorney's fees and costs in defending this matter.

WHEREFORE, having fully answered Plaintiffs' Original Complaint, Defendant asks that Plaintiffs' Original Complaint be dismissed, with prejudice, that Plaintiffs take nothing, and that Plaintiffs be responsible for payment of all fees and costs.

Dated: May 23, 2018.

        Respectfully submitted,

        MAURICE WUTSCHER LLP

By:    *//s// Keith Wier*
       Keith Wier
       State Bar No. 21436100
       Fed. ID No. 7930
       13785 Research Blvd., Suite 125
       Austin, Texas 78750
       Tel. (512) 949-5897
       Fax (888) 852-5729
       Email: kwier@mauricewutscher.com

**ATTORNEYS FOR DEFENDANT SYNERPRISE CONSULTING SERVICES, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on the 23ND day of May 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Amy L. Bennecoff Ginsburg, Esq.
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA  19002
aginsburg@creditlaw.com

                                                *//s// Keith Wier*
                                                Keith Wier